IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

              v.                      18-cr-159-jdp-1

JAMES M. TURNER,

                Defendant.

---

A hearing on the probation office's petition for judicial review of James M. Turner's supervised release was held on March 9, 2022. At that time, I made detailed findings of the fact establishing the defendant's violation of Standard Condition No. 1, requiring defendant not to knowingly leave the judicial district without the permission of the court or the probation officer. On March 12, 2021, defendant traveled to Indiana without permission from his probation officer and was pulled over by a member of the Indiana State Police for excessive speeding. On October 6, 2021, defendant also traveled to Michigan without permission from his probation officer. Defendant also violated Standard Condition No. 2, requiring defendant to report to the probation office as directed and submit a complete written report form within the first five days of each month, truthfully answer inquiries by the probation officer, and follow the probation officer's instructions. Defendant failed to submit 14 written monthly report forms in September, October, November, December 2020; January, February, March, April, May, June, July, August, November, and December 2021. He submitted monthly report forms for September and October 2021. Moreover, defendant violated Standard Condition No. 3, requiring defendant to maintain

lawful employment, seek lawful employment or participate in a course of study that will equip defendant for suitable employment, unless excused by the probation officer. On September 16, 2021, defendant ended his employment with Franklin Fueling Systems and became unemployed. Defendant's probation officer did not excuse defendant from working regularly at a lawful occupation. Furthermore, defendant violated Standard Condition No. 4, requiring defendant to notify the probation officer within 72 hours of any change in residence, employment, or job classification. On September 16, 2021, defendant ended his employment with Franklin Fueling Systems and failed to report the employment change to the probation office as required. The probation office was not aware of his unemployment status until October 6, 2021, after reaching out to defendant's employer. Additionally, defendant violated Standard Condition No. 5, stating defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances as prescribed by a physician. On May 27, September 17, October 7, and December 6, 2021, defendant submitted urine specimens that tested positive for the presence of THC. On October 7 and December 6, 2021, defendant also submitted urine specimens that tested positive for the presence of methamphetamine (d-methamphetamine, which is the isomer that causes the "high" users seek and the isomer found in illicit methamphetamine). On November 29, 2021, a traffic stop on a speeding vehicle, operated by defendant, was initiated by a member of the McFarland, Wisconsin, Police Department. During a search of defendant's vehicle, there was marijuana shake located throughout the vehicle and underneath the driver's seat. A commercial-grade package containing suspected marijuana was in the back seat and approximately six suspected marijuana buds saturated with saliva were in a plastic bottle. Defendant confessed he knew about the marijuana and was concerned about his federal probation time being extended. Also, defendant violated Standard Condition No. 9,

requiring defendant to notify his probation officer within 72 hours of being arrested or questioned by law enforcement officer. On January 22, 2021, defendant had contact with a member of the Deforest, Wisconsin, Police Department, during a traffic stop and failed to report the police contact to his probation officer as required. On March 12, 2021, defendant had contact with a member of the Indiana State Police during a traffic stop and failed to report the police contact to his probation officer as required. On April 26, 2021, defendant had contact with a member of the Wisconsin State Patrol during a traffic stop and failed to report the police contact as required. Lastly, defendant violated Special Condition No. 15, requiring defendant to participate in substance abuse treatment and submit to drug testing. On September 9, 2020, and May 26 and September 15, 2021, defendant refused to provide urine specimens when requested by his probation officer. On December 2, December 11, and December 26, 2021, defendant failed to appear for scheduled drug test appointments at ATTIC Correctional Services, in Madison, Wisconsin. Even though these violations warranted revocation at that time, I deferred the decision to revoke defendant's supervised release and he was given a 60-day opportunity to demonstrate a meaningful commitment to comply with the terms of his supervised release with "zero tolerance" for any misbehavior.

The continuation of that hearing was held on May 11, 2022, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Taylor Kraus; defendant; defense counsel, Murali Jasti; and U.S. Probation Officer Yang Moua

FACTS

Thus, I make the following supplemental findings of fact from the record beyond those stated at the March 9, 2022, hearing, which were set forth in written orders and are again

incorporated here. Defendant has not been compliant and accumulated additional violations since the March 9, 2022, hearing.

Defendant violated Standard Condition No. 1, requiring defendant to not knowingly leave the judicial district without the permission of the court or the probation officer. On April 12, 2022, defendant traveled to Indiana without permission from his probation officer and was stopped by law enforcement for excessive speeding.

Defendant violated Standard Condition No. 2, requiring defendant to report to the probation office as directed and submit a complete written report form within the first five days of each month, truthfully answer inquiries by the probation officer, and follow the probation officer's instructions; defendant violated Standard Condition No. 3, requiring defendant to maintain lawful employment, seek lawful employment or participate in a course of study that will equip defendant for suitable employment, unless excused by the probation officer; and defendant violated mandatory condition stating defendant shall not commit another federal, state, or local crime. Defendant only worked for Winter Services Inc. for one day, February 24, 2022; however, within the monthly supervision report forms he submitted for March 2022, he continued to report being employed by Winter Services Inc. and noted he worked between 20 to 35 hours. Defendant has been unemployed since February 25, 2022, and he has not been excused from working regularly at a lawful occupation by the probation office. Defendant falsified his monthly report forms, a direct violation of 18 U.S.C. § 1001(a)(3), which is a felony offense with a punishment of not to exceed five years of imprisonment. No charges have been filed relevant to this violation.

## CONCLUSIONS

Defendant's violations would ordinarily warrant revocation. However, I do not think

revocation with a jail sentence is appropriate because he has generally be in compliance with his conditions since the last hearing. Because he is on state supervision, I see no need to continue federal supervision, which has not been productive. Although I do not wish to reward non-compliance, under the circumstances here, it makes sense to terminate federal supervision.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 14, 2019, is terminated effective today. Defendant will still be supervised by the Wisconsin Department of Corrections, and this will make things less complicated for his reporting obligations. This will also give defendant the opportunity to pursue his employment offerings and to make a positive change.

Entered this 13th day of May, 2022

BY THE COURT:

/s/
James D. Peterson
District Judge